IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER VANHORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-2009-DDC-ADM |
| | ) |
| SALVATION ARMY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the court on plaintiff Christopher VanHorn's Motion to Stay all Proceedings Pending the Resolution of a State Criminal Trial and Motion to Stay Pending Joinder of Additional Parties. (ECF 8.) VanHorn filed this case only one week ago. By way of the current motion, he already seeks to stay the case, in its entirety, pending resolution of a related criminal appeal. For the reasons explained below, VanHorn's motion is denied without prejudice to being refiled, if at all, after defendants have appeared in the case.

The decision whether to stay proceedings is firmly vested in the trial court's sound discretion. *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009); *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990). In exercising this discretion, the court "must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). "When applying for a stay, a party must show a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party." *Creative Consumer Concepts*, 563 F.3d at 1080 (quoting *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (internal quotations and citation omitted)).

Because this case is in its infancy, VanHorn has not yet served summons on defendants. Thus, defendants have not had an opportunity to state their positions on, or explain their interests

for or against, a wholesale stay of proceedings. Without knowing defendants' interests, the court cannot weigh them in determining whether a stay is appropriate. It is possible that one or more defendants could show they would be prejudiced by a stay or that other reasons counsel against a stay. It is likewise possible that defendants could favor a stay. But it would be premature for the court to stay the case without giving the defendants an opportunity to weigh in with their views about the propriety of a stay.

Furthermore, Federal Rule of Civil Procedure 4(m) requires VanHorn to serve defendants with summons and a copy of the complaint within 90 days after he filed the complaint. This means it may be early April by the time defendants are served, and they then have at least 21 days after service in which to file a response to the complaint. FED. R. CIV. P. 12(a)(1). So it is possible that defendants might not appear in this case until late April, and by then VanHorn's criminal case may be resolved and his reason for seeking a stay moot. But if VanHorn still wants to seek a stay of these proceedings after defendants have appeared in the case, he is granted leave to renew his motion to stay at that time. Defendants will then have an opportunity to respond to VanHorn's motion and inform the court of their position as to whether a stay is warranted.

**IT IS THEREFORE ORDERED** that VanHorn's Motion to Stay all Proceedings Pending the Resolution of a State Criminal Trial and Motion to Stay Pending Joinder of Additional Parties (ECF 8) is denied without prejudice to being refiled after defendants have appeared in the case.

**IT IS SO ORDERED.**

Dated January 12, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge