IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER A. VAN HORN,

                       Plaintiff,

v.

SALVATION ARMY, et al.,

                       Defendants.

Case No. 23-2009-DDC-ADM

## MEMORANDUM AND ORDER

On March 25, 2024, the court issued an Order (Doc. 87) granting Salvation Army Defendants' and Mission Defendants' Motions to Dismiss (Doc. 48; Doc. 53).  Pro se plaintiff Christopher Van Horn[1] since has filed a Motion to Alter or Amend the Judgment (Doc. 89) under Fed. R. Civ. P. 59(e).  He contends that the court should consider new evidence—specifically, his appeal to the Kansas Supreme Court in his state court criminal case.  Mission Defendants and Salvation Army Defendants oppose plaintiff's motion.  Doc. 90; Doc. 92.  The court denies plaintiff's motion for reasons it explains below.  But, before the court reaches its Rule 59 analysis, the court addresses plaintiff's Motion to Exceed Page Limitations (Doc. 91).

### I.    Plaintiff's Motion to Exceed Page Limitations (Doc. 91)

Plaintiff submitted at 36-page motion.  He was not entitled to do so.  D. Kan R. 7.1(d) provides that, "[u]nless the court orders otherwise, . . . Principal briefs in support of, or in

---

[1]    Because plaintiff filed his suit pro se, the court construes his filings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court doesn't serve as a pro se plaintiff's advocate. *See id.*  Plaintiff's pro se status doesn't excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

response to, all motions"—other than discovery related motions, summary judgment motions, and class certification motions—"must not exceed 15 pages[.]"  Plaintiff filed Motion of Plaintiff for Leave to Exceed Page Limitations for Previously Filed Motion to Alter or Amend the Judgment (Doc. 91), asking the court to grant him—retroactively—leave to exceed the page limit.  The court disapproves of plaintiff's briefing and warns plaintiff that he, like all litigants, must follow the rules of our court.  *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (emphasizing that pro se parties must comply with same procedural rules as other litigants).  Nonetheless, the court previously granted similar retroactive page limit extensions to defendants.  Doc. 84.  The court thus grants the motion and will consider plaintiff's overlong brief in its entirety.  With this threshold matter decided, the court proceeds to the merits of plaintiff's Rule 59(e) motion.

## II.    Background

Plaintiff's Rule 59(e) new evidence argument references his appeal to the Kansas Supreme Court in his state court criminal proceeding.  To best explain this argument, the court begins with a limited summary of plaintiff's federal and state court procedural history.[2]

In January 2022, City of Mission police officers arrested plaintiff for criminal trespassing and disorderly conduct after plaintiff refused to don a face mask while shopping in a Salvation Army store.  Doc. 38 at 7, 15 (Am. Compl. ¶¶ 32, 112–13).  City of Mission Municipal Court Judge Keith Drill held a trial and found plaintiff guilty of criminal trespass and disorderly conduct.  *Id.* at 18 (Am. Compl. ¶ 139).  In August 2022, plaintiff filed his first appeal, challenging Judge Drill's decision in the Johnson County District Court.  *See* Doc. 54-2 at 1 (Johnson Cnty. Dist. Ct. Order).  The Johnson County District Court then held a de novo trial.

---

[2]    The court assumes familiarity with the background of this case, as it recited in detail in its earlier Memorandum and Order (Doc. 87).

Doc. 89-1 at 94 (Ex. 1 App. A8).  And, in August 2023, Johnson County District Court Judge Michael Joyce found plaintiff guilty of criminal trespass and disorderly conduct.  *Id.* at 81–82 (Ex. 1 App. A7).  In November 2023, plaintiff appealed Judge Joyce's decision to the Kansas Court of Appeals.  *Id.*  In February 2024, Kansas Court of Appeals Judge Stephen Hill dismissed plaintiff's appeal as untimely and one where the appellate court lacked jurisdiction.  *Id.* at 20 (Ex. 1 App. A1).  Plaintiff then appealed Judge Hill's decision to the Kansas Supreme Court.  *Id.* at 2 (Ex. 1).

In January 2023—along with his state convictions and appeals—plaintiff filed this lawsuit against Salvation Army Defendants and Mission Defendants.  Doc. 1.  The Salvation Army Defendants moved to dismiss, Doc. 48, and the Mission Defendants moved for judgment on the pleadings, Doc. 53.  On March 25, 2024, the court granted defendants' motions and directed the Clerk of the Court to close the case.  Doc. 87; Doc. 88.  On April 22, 2024, plaintiff filed the current Motion to Alter or Amend Judgment (Doc. 89).

## III.      Legal Standard

Plaintiff asks the court to alter or amend its judgment under Fed. R. Civ. P. 59(e).  *See* Doc. 89.  Rule 59(e) "gives a district court the chance to 'rectify its own mistakes in the period immediately following' its decision."  *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)).  The time for filing a Rule 59(e) motion "is short—28 days from entry of judgment, with no possibility of extension."  *Id.*  A movant may base a motion to reconsider on any of the following grounds:  "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citation

omitted).  A district court has discretion to grant or deny a motion to reconsider.  *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Here, plaintiff seeks to amend the judgment based on new evidence.  Doc. 89 at 3. "Where a party seeks Rule 59(e) relief to submit additional evidence, the movant must show either that the evidence is newly discovered or if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1213 (10th Cir. 2012) (citation, internal quotation marks, and brackets omitted); *see also Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) ("[T]he bulk of the 'newly discovered evidence' . . . was not in fact 'new' because it was known or discoverable before the court entered . . . judgment[.]").  A party moving under Rule 59(e) must show "how newly discovered evidence warranted relief from dismissal." *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1300 (10th Cir. 2002); *see also Comm. for First Amend. v. Campbell*, 962 F.2d 1517, 1523–24 (10th Cir. 1992) (finding no abuse of discretion in district court's denial of Rule 59(e) motion because the "proffered [new] evidence . . . would not produce a different result").

## IV.      Analysis

Plaintiff moves the court to amend its judgment, citing new evidence that previously was unavailable.  Doc. 89 at 3.  Plaintiff contends that his appeal of Judge Hill's Order to the Kansas Supreme Court qualifies as new evidence.  The court rejects this argument for three reasons:  (1) plaintiff fails to show that the evidence is newly discovered; (2) plaintiff fails to show that the evidence would change the outcome of the court's Order; and (3) plaintiff improperly uses his motion to rehash issues that the court decided in its Order on the two Motions to Dismiss.

4

Starting with the current motion's first deficiency, plaintiff argues that the court should amend the judgment to consider new evidence—his state court criminal appeal to the Kansas Supreme Court. But plaintiff never specifies *when* plaintiff filed his appeal with the Kansas Supreme Court. *See* Doc. 89; Doc. 89-1. So, the court can't determine if plaintiff filed his appeal before or after this court issued its Order (Doc. 87) on March 25, 2024. The possibility thus remains that plaintiff appealed before the court issued the Order—meaning that the appeal isn't new evidence. *See Beugler*, 490 F.3d at 1229 (concluding that the newly discovered evidence wasn't "'new' because it was known or discoverable before the court entered . . . judgment"). If that's the case, plaintiff also has failed to explain his delay in introducing evidence of his appeal sooner. *Devon Energy*, 693 F.3d at 1213 ("[I]f the evidence was available at the time of the decision being challenged, [movant must show] that counsel made a diligent yet unsuccessful effort to discover the evidence."). Plaintiff thus fails to shoulder his burden on the first prong for a successful motion to amend for new evidence.

Plaintiff's motion also fails to meet the second prong. A Rule 59(e) movant must show "how newly discovered evidence warrant[s] relief from dismissal[.]" *Computerized Thermal Imaging*, 312 F.3d at 1300. Although plaintiff cites his appeal before the Kansas Supreme Court, he never explains adequately why this evidence should change the court's decision. Despite this lack of analysis, plaintiff—as a pro se litigant—is entitled to liberal construction of his filings. So, the court assumes plaintiff intended to argue that his appeal to the Kansas Supreme Court could upset his convictions in Mission Municipal Court and Johnson County District Court, and thus also upset the court's reliance on those convictions in its *Heck v. Humphrey* analysis. Doc. 89 at 32, 35.

The court's Order denied plaintiff's § 1983 claims that Mission Defendants arrested him without probable cause and violated his due process rights under the *Heck* doctrine—a doctrine where the court must dismiss a claim "'if a § 1983 judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction[,] . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'"  Doc. 87 at 30–31 (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).[3]  But taking an appeal, alone, doesn't change the court's *Heck* analysis.  The appeal doesn't demonstrate that a court has invalidated plaintiff's convictions already.  *Heck*, 512 U.S. at 486–87.  Plaintiff's appeal to the Kansas Supreme Court also doesn't challenge the merits of his conviction.  *See* Doc. 89-1 at 2–18 (Ex. 1).  Instead, plaintiff asks the Kansas Supreme Court to reverse the Kansas Court of Appeals' Order dismissing plaintiff's appeal from the Johnson County District Court.  *Id.* at 5–6.  Recall, the Kansas Court of Appeals dismissed plaintiff's appeal on procedural grounds—for untimeliness and lack of jurisdiction—not on the merits of his conviction.  *See* Doc. 89-1 at 20 (Ex. 1 App. A1).  So, plaintiff hasn't shown how his appeal, even if granted, could affect the court's *Heck* analysis and warrant relief from dismissal.  Plaintiff thus has failed to show how the new evidence would change the outcome of the Order.

Third, the motion fails to satisfy either one of the other two Rule 59(e) reasons to amend a judgment:  change in controlling law or clear error.  *Servants of Paraclete*, 204 F.3d at 1012.  The court just explained why plaintiff's new evidence argument can't carry the day.  And

---

[3]     Plaintiff accuses the court of learning about his criminal proceedings in state court through ex parte communications with defendants.  Doc. 89 at 11–12.  But plaintiff himself provided that information.  Plaintiff's Amended Complaint reveals that the municipal court convicted plaintiff after a trial, and that plaintiff appealed his conviction.  Doc. 38 at 82, 88, 102, 106 (Am. Compl. ¶¶ 504, 531, 574, 591).  The court also learned about plaintiff's municipal court conviction and appeal to the Johnson County District Court because Mission Defendants attached Johnson County District Court Judge Joyce's May 17, 2023, Order (Doc. 54-2) as an exhibit to their Memorandum in Support of Motion for Judgment on the Pleadings (Doc. 54).  This exhibit is available to the public and plaintiff on the court's docket.

plaintiff proffers no other valid reason to reopen the case.  Instead, plaintiff's remaining arguments focus on relitigating issues that the court already has decided.  For example, plaintiff challenges the court's decision granting Salvation Army Defendants' Motion to Dismiss on the unreasonable seizure claim.  Doc. 89 at 15–19.  Plaintiff "disagrees that his allegations cannot enable a finding or inference that any of the Salvation Army Defendants acted with a 'specific goal' to violate plaintiff's constitutional rights[.]"  *Id.* at 16.  Then plaintiff repeats the same argument he originally advanced in his Amended Complaint—that defendants "all had a goal to have Plaintiff arrested and imprisoned without factual evidence of a crime. . . .  The object was to take Plaintiff to jail absent probable cause."  *Id.*  Rehashing old arguments isn't permitted on Rule 59(e) motions.  "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued."  *Banister*, 590 U.S. at 508.  And it "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Servants of Paraclete*, 204 F.3d at 1012 (citation omitted).

Plaintiff's Rule 59(e) motion makes two other improper requests.  *One*, he asks the court to stay this case until his state court criminal appeal is resolved.  Doc. 89 at 32.  Once the Kansas Supreme Court resolves his appeal, plaintiff asks the court to "reopen" this case and review "the probable cause standard[.]"  *Id.*  Plaintiff's stay request is another attempt at relitigating merits already decided at the pleading stage.  Plaintiff explains that he seeks a stay against enforcing this court's Order dismissing the case.  And so, he reasons, the court can "reopen the case" and reconsider his allegations that defendants violated his Fourteenth Amendment rights.  The problem is that "Rule 59(e) . . . 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citing 11C Wright & Miller, *Federal Practice and*

*Procedure* § 2810.1 (2d ed. 1995)).  Plaintiff decided to bring this civil lawsuit while his criminal appeals remained ongoing.  And so, in the court's view, the timing issues plaintiff seeks to address with a stay are ones of his own making.  Nor did plaintiff request a stay until after the court already had decided the case's dispositive motions.  This request is too little, too late, and the court thus exercises its discretion and denies plaintiff's request to stay the judgment.  *Mid-Am.'s Process Serv. v. Ellison*, 767 F.2d 684, 687 (10th Cir. 1985) ("[T]he propriety of postponement is a matter for the exercise of the trial court's discretion.").

> *Two*, plaintiff also seeks to add new defendants and claims to his case.
>
> Plaintiff will add defendant Stephen D. Hill of the Kansas Court of Appeals for committing fraud upon the court. . . Plaintiff will add additional claims for fraud against Defendant David Martin for Fraud upon the court[.] . . . Plaintiff is forced to add new Defendant Jacob Turner for denial of a fair trial by committing fraud upon the court[.]

Doc. 89 at 34–35.  Again, this is too little, too late.  Plaintiff can't add new defendants and claims in a Rule 59(e) motion.  While Rule 15(a) provides "that leave to amend shall be freely given when justice so requires, this presumption is reversed in cases, such as here, where a plaintiff seeks to amend a complaint after judgment has been entered and a case has been dismissed."  *Quality Printing, Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 12-2033-JWL, 2012 WL 2568160, at *1 (D. Kan. July 2, 2012) (internal quotation marks and brackets omitted) (citing *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) ("[The Tenth Circuit] has repeatedly and unequivocally held that, once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ .P. 59(e)[.]" (quotation cleaned up))).  The court thus denies plaintiff's request to add new defendants and claims.

In sum, plaintiff's Motion to Alter or Amend the Judgment (Doc. 89) fails because it doesn't explain that new evidence exists, which became available only after the court had

entered judgment, it doesn't explain why plaintiff failed to introduce the evidence timely, and it provides no other valid reason to amend the Order.  The court thus stands by its decision granting defendants' Motions to Dismiss.  *See* Doc. 87.  And it denies plaintiff's Motion to Alter or Amend the Judgment (Doc. 89).

V.      **Conclusion**

The court denies plaintiff's Motion to Alter or Amend (Doc. 89).  And it grants plaintiff's Motion of Plaintiff for Leave to Exceed Page Limitations for Previously Filed Motion to Alter or Amend the Judgment (Doc. 91).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Alter or Amend the Judgment (Doc. 89) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion of Plaintiff for Leave to Exceed Page Limitations for Previously Filed Motion to Alter or Amend the Judgment (Doc. 91) is granted.

**IT IS SO ORDERED.**

**Dated this 12th day of August, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

9