IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER A. VANHORN,

      Plaintiff,

v.

SALVATION ARMY, et al.

      Defendants.

Case No. 23-2009-DDC-ADM

### MEMORANDUM AND ORDER

  Before the court is pro se[1] plaintiff Christopher A. VanHorn's Motion for Recusal (Doc. 108). As explained below, the court denies plaintiff's motion.

  A judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party[.]" 28 U.S.C. § 455(a) & (b)(1). The test for determining impartiality is an objective one, based on a judge's "outward manifestations and reasonable inferences drawn therefrom." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citation omitted). "Ordinarily, when a judge's words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)). "Recusal may be appropriate, however, when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a

---

[1]  Plaintiff proceeds pro se. The court construes his filings liberally and "hold[s] [them] to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

source outside judicial proceedings." *Id.* (citing *Liteky*, 510 U.S. at 554–55). And while judges "have a strong duty to recuse when appropriate," they also owe "a strong duty to sit[.]" *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017).

Plaintiff's motion offers four rationales for recusal: procedural irregularities, misapplication of legal standards, unfair treatment of a pro se litigant, and violation of due process. Doc. 108 at 3–7. At bottom, plaintiff contends that the court's rulings against him demonstrate bias. But our Circuit's law is clear: "'[A]dverse rulings cannot in themselves form the appropriate grounds for disqualification.'" *Nickl*, 427 F.3d at 1298 (quoting *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997)). The court next explains why each of plaintiff's purported grounds for recusal fails the § 455 standard.

**Procedural Irregularities.** Plaintiff argues that "procedural irregularities" in this case demonstrate bias. Doc. 108 at 4–5. *First*, he contends that it was procedurally improper to rule a motion for judgment on the pleadings. *Id.* at 4. But plaintiff already raised that argument. Doc. 72 at 4. And the court already considered and rejected it. Doc. 87 at 20–22. Such an adverse ruling doesn't suggest bias. *See Nickl*, 427 F.3d at 1298. *Second*, plaintiff argues that the court dismissed his case without addressing allegations of fraud and that the court dismissed plaintiff's case prematurely. Doc. 108 at 4–5. Once more, these allegations attack the soundness of the court's Order dismissing plaintiff's claims. Plaintiff has exercised his right to appeal that determination. *See* Doc. 95. And while the Circuit might ultimately agree that this court—as plaintiff contends—was wrong, the court's adverse ruling—even if reversed—doesn't demonstrate the kind of bias that § 455 requires for recusal. *See Nickl*, 427 F.3d at 1298.

**Misapplication of Legal Standards.** Plaintiff next argues that the court misapplied case law. To support this argument, plaintiff argues that (1) the court incorrectly interpreted Tenth

Circuit case law to permit construing a premature motion for judgment on the pleadings as a motion to dismiss; and (2) the court didn't allow plaintiff to amend his deficient pleading. Doc. 108 at 5. As explained, the court already has considered and ruled against plaintiff's procedural objection. Doc. 87 at 20–22. Similarly, the court already denied plaintiff's request to amend his pleading. Doc. 94 at 8. So once again, plaintiff's allegations of bias boil down to the view that a court's adverse rulings demonstrate bias. That theory won't support a § 455 recusal. *See Nickl*, 427 F.3d at 1298.

**Treatment of Pro Se Litigants.** Plaintiff next claims that the court didn't abide the Supreme Court's instruction "that pro se litigants are entitled to less stringent pleading standards." Doc. 108 at 6. To the contrary, the court consistently has recognized its obligation to construe plaintiff's filings liberally. *E.g.*, Doc. 87 at 1 n.2 ("Because plaintiff filed his suit pro se, the court construes his filings liberally and holds them 'to a less stringent standard than formal pleadings drafted by lawyers.'" (quoting *Hall*, 935 F.2d at 1110)); Doc. 94 at 1 n.1 (same). Regardless, the court's responses to plaintiff's filings are actions "motivated by events originating within the context of judicial proceedings" that ordinarily are "insulated from charges of bias." *Nickl*, 427 F.3d at 1298 (citation omitted). That is, even if the court misapplied pro se standards to plaintiff or failed to apply them correctly, that failure merely would constitute an adverse ruling, which is insufficient to warrant recusal. *Id.*

**Due Process.** Finally, plaintiff argues that the court violated plaintiff's Fifth Amendment due process rights by (1) declining to exercise supplemental jurisdiction over his state law claims after dismissing the federal claims; and (2) dismissing plaintiff's suit before discovery. Both of these arguments attack the soundness of the court's reasoning leading to its rulings. Neither suggests bias. Again, adverse rulings aren't appropriate grounds for recusal. *Id.*

Here's the bottom line:  Plaintiff's arguments assume that adverse rulings can support recusal.  But they can't.  Plaintiff simply hasn't cited any "'factual grounds'" that would "cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality.'"  *Id.* (quoting *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000)).  The court thus denies plaintiff's Motion for Recusal (Doc. 108).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Christopher A. VanHorn's Motion for Recusal (Doc. 108) is denied.

**IT IS SO ORDERED.**

**Dated this 24th day of February 2025, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**