IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER VANHORN,**

                **Plaintiff**,

v.

**SALVATION ARMY, et al.,**

                **Defendants**.

Case No. 23-2009-DDC-ADM

## MEMORANDUM AND ORDER

Plaintiff Christopher VanHorn filed this federal-question action after a face mask dispute at a local Salvation Army thrift store. After plaintiff refused to wear a mask, Salvation Army employees told plaintiff he had to leave. Eventually, plaintiff was convicted of disorderly conduct and criminal trespass in the Municipal Court of Mission, Kansas. He then filed suit against a series of defendants in a case filed with our court. The court dismissed all claims and entered Judgment. Plaintiff then filed a Notice of Appeal, and the trial docket in this case sat quiet for nearly six months.

Then plaintiff started filing motions. And he didn't stop. In a less-than-two-month span between January and March 2025, plaintiff filed 13 motions. The court already denied one of plaintiff's motions, but many more remain pending. They are: Doc. 100; Doc. 103; Doc. 105; Doc. 106; Doc. 107; Doc. 111; Doc. 112; Doc. 115; Doc. 116; Doc. 117; Doc. 118; Doc. 119. This Order adjudicates those pending motions and denies most of them. Specifically, the court denies the motions contained in these filings: Doc. 100, Doc. 103, Doc. 105, Doc. 106, Doc.

107, Doc. 112, Doc. 115, Doc. 116, Doc. 117, Doc. 118, and Doc. 119. The court grants in part and denies in part the motion contained in Doc. 111. The court explains these rulings, below.

## I. Jurisdiction

As an initial matter, the court must ensure it has jurisdiction to consider plaintiff's many motions.

Plaintiff filed a Notice of Appeal. Doc. 95. That filing is jurisdictionally significant because it "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Battles*, 745 F.3d 436, 448 (10th Cir. 2014) (quotation cleaned up). Still, the court "retains jurisdiction over collateral matters not involved in the appeal." *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (quotation cleaned up). Plaintiff's appeal takes issue with the court's Memorandum and Order (Doc. 87), which adjudicated all claims plaintiff brought in this action. Doc. 95 at 1. Because plaintiff's appeal effectively encapsulates all merits issues, it constrains the court's jurisdiction at this juncture. All the same, the court concludes it has jurisdiction to consider plaintiff's motions, with one possible exception, noted below.

Start with plaintiff's Rule 60(b) motion. *See* Doc. 100. "A pending appeal does not preclude a district court from entertaining a Rule 60(b) motion." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1243 (10th Cir. 2002) (quotation cleaned up). Although a district court may not grant a Rule 60(b) motion before the Circuit remands the case, it may "consider a Rule 60(b) motion and deny it on its merits without remand by the Court of Appeals." *W.N.J. v. Yocom*, 257 F.3d 1171, 1173 & n.1 (10th Cir. 2001); *Burgess v. Daniels*, 576 F. App'x 809, 813 (10th Cir. 2014) (compiling Tenth Circuit cases supporting this principle). As explained below, the court denies plaintiff's motion, so its jurisdiction over this motion is proper.

The remainder of plaintiff's motions deal with "collateral matters not involved in the appeal." *Lancaster*, 149 F.3d at 1237 (quotation cleaned up).  The only possible exception to this characterization is plaintiff's motion titled "Motion for Partial Summary Judgment."  Doc. 117.  But as the court explains, below, that motion also asks the court to grant Rule 60 relief.  So for the same reason that the court's jurisdiction over plaintiff's Rule 60(b) motion is proper, its jurisdiction over plaintiff's "Motion for Partial Summary Judgment" is proper, too.

In short, the court has jurisdiction, here.  It now turns to plaintiff's many motions.  It starts with plaintiff's retroactive request to exceed our local rule's page limits because the outcome of that motion determines the scope of what the court will consider on plaintiff's Rule 60(b) motion.

## II.        Motion for Leave to Exceed Page Limitations (Doc. 103)

Plaintiff's Motion for Relief from Judgment Pursuant to Rule 60(b) (Doc. 100) exceeds our local rule's 15-page limit.  *See* D. Kan. Rule 7.1(d)(3).  After filing his oversized motion, plaintiff filed his Motion for Leave to Exceed Page Limitations (Doc. 103).  The court denies his request.

As an initial matter, plaintiff undoubtedly violated our local rules.  His brief is longer than 15 pages, Doc. 100, which violates D. Kan. Rule 7.1(d)(3).  He also submitted his request to exceed page limitations some two-weeks *after* he had submitted his principal brief.  That late-filing request violates D. Kan. Rule 7.1(d)(4), which requires litigants to file any motion to exceed page limits at least three days in advance of filing.  What's more, the court previously warned plaintiff that he must abide our court's rules.  Doc. 94 at 1–2.  So, plaintiff had notice of his obligations to follow court rules.  He disregarded them at his own peril.

Plaintiff insists that the court must grant his retroactive motion because the court extended lenience to both defendants and plaintiff previously.  Doc. 103 at 3.  Plaintiff is right.

The court has extended lenience to the parties' disregard of local rules. But the court's patience grows thin. The court's previous Order on this subject made clear that the court disapproved of plaintiff's tactics and that plaintiff must follow court rules. Doc. 94 at 2 ("The court disapproves of plaintiff's briefing and warns plaintiff that he, like all litigants, must follow the rules of our court."). Still, the court won't strike plaintiff's brief in its entirety. Instead, the court will consider the first 15 substantive pages of plaintiffs brief, which correspond to pages 3–17 of Doc. 100 (or pages 1–15, as plaintiff has labeled them).

So, the court denies plaintiff's Motion for Leave to Exceed Page Limitations (Doc. 103). The court also warns plaintiff that it may strike any future filings that flout local-rule requirements.[1]

### III.     Motion for Relief from Judgment Pursuant to Rule 60(b) (Doc. 100)

####     A.     Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for—as relevant here—"fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;" or when "the judgment is void[.]" Fed. R. Civ. P. 60(b)(3), (4). Whether to grant relief under Rule 60(b) is a matter within the court's discretion. *Wilkin v. Sunbeam Corp.*, 466 F.2d 714, 717 (10th Cir. 1972) ("A Rule 60(b) motion is addressed to the sound discretion of the trial court, and the burden of establishing fraud is on the movant."); *see also Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (explaining that Tenth Circuit "reviews a district court's denial of a Rule 60(b) motion for abuse of discretion"). The

---

[1] Plaintiff's submissions also violate D. Kan. Rule 5.1(a), which requires litigants to double-space their papers. Plaintiff's filings use narrower spacing than our court's rules require. Plaintiff's future filings—if any—must comply with Rule 5.1(a), as well.

bar to secure Rule 60(b) relief is high.  Our Circuit has described it as "extraordinary" relief, available only "in exceptional circumstances." *Zurich N. Am.*, 426 F.3d at 1289 (internal quotation marks and citation omitted).

### B. Analysis

Plaintiff's motion invokes two aspects of Rule 60(b)—subsections (3) and (4).  Doc. 100 at 5, 16.  The court addresses these subsections, in turn.

#### 1. 60(b)(3)

"Regardless of the specific form of the allegation, the party relying on Rule 60(b)(3) must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation." *Zurich N. Am.*, 426 F.3d at 1290.  The moving party "must show clear and convincing proof of fraud, misrepresentation, or misconduct." *Id.* (quotation cleaned up).  The "challenged behavior must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *Id.* (emphasis in original) (quotation cleaned up). Relief under Rule 60(b)(3) is available when the judgment was "unfairly obtained," not when the judgment was "factually incorrect[.]" *Id.* (internal quotation marks and citation omitted).

To secure relief under Rule 60(b)(3) based on fraud on the court, the movant must demonstrate that "most egregious conduct" has transpired. *Id.* at 1261 (quoting *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996)).  "Less egregious misconduct" won't do. *Id.* (quoting *Weese*, 98 F.3d at 553).  Our Circuit has explained the distinction like this:

> Generally speaking, only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court.  Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

*Id.* (quoting *Weese*, 98 F.3d at 552–53); *see also Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (explaining that Rule 60(b)(3) movant must prove "by clear and convincing evidence"

5

that opposing party "acted with an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme" (quotation cleaned up)).

Plaintiff's accusations don't even begin to approach this exacting standard. Here are the examples of fraud that plaintiff offers in support of his Rule 60(b)(3) argument:

- The prosecutor (from plaintiff's underlying municipal criminal case) "suborned perjury" when he "manipulated" the City Clerk into testifying that the criminal citations contained the necessary elements of the charges and factual allegations to support them. Doc. 100 at 6. In reality, plaintiff alleges, the citations "lacked any factual allegations specific to [p]laintiff's alleged conduct." *Id.*; *see also id.* at 7–11 (detailing these allegations).

- The clerk of the district court (in plaintiff's underlying criminal case in state court) marked plaintiff's notice of appeal as filed on an inaccurate date. *Id.* at 13. Plaintiff alleges that this led to an improper dismissal by the Kansas Court of Appeals. *Id.* He also argues that the Kansas Court of Appeals violated Kansas Supreme Court rules by citing an unpublished opinion. *Id.* at 13–14.

Three things torpedo plaintiff's argument:

*First*, plaintiff alleges fraud on *other* courts, not this one. Plaintiff suggests misconduct transpired in the Mission, Kansas Municipal Court and in the Johnson County, Kansas District Court. To state the obvious, this court—the United States District Court for the District of Kansas—isn't the same court as the courts where plaintiff alleges fraud occurred. Plaintiff cites no authority—and the court's independent research found none either—suggesting that fraud on a court other than the one that entered judgment may support Rule 60(b) relief.

*Second*, the events plaintiff describes don't meet the daunting standard required to secure relief. Those events—suborning testimony mischaracterizing a criminal citation and a clerical error reporting an inaccurate date—hardly suggest "the most egregious conduct" necessary for Rule 60(b)(3) relief. *Zurich N. Am.*, 426 F.3d at 1291 (internal quotation marks and citation omitted). Recall the examples our Circuit has given for "the most egregious conduct"—they include "bribery of a judge or members of a jury" and "fabrication of evidence[.]" *Id.* (internal

quotation marks and citation omitted). Plaintiff hasn't shouldered his burden to prove that defendants "acted with an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme." *Yapp*, 186 F.3d at 1231 (quotation cleaned up). In the court's view, plaintiff's examples of "fraud"—at best—constitute "[l]ess egregious misconduct," which won't suffice to succeed on a Rule 60 motion. *Id.* (internal quotation marks and citation omitted).

*Third*, plaintiff can't show that he "would have had a good claim" if the fraud he alleges hadn't occurred. *Wilkin*, 466 F.2d at 717. In fact, plaintiff knew the facts he now asserts before the court entered Judgment. The allegedly perjurious testimony took place during a Johnson County District Court hearing on March 27, 2023. *See* Doc. 104 at 2. And the Kansas Court of Appeals issued its decision on February 15, 2024, Doc. 100-5 at 52—over a month before the court entered Judgment in this federal court case, *see* Doc. 88 (Judgment) (docket entry dated March 25, 2024). That these arguments were available to plaintiff and not raised suggests that they wouldn't have affected the outcome of this action. It also offers an independent reason to deny his request for relief. *See Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) ("[A] Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument.").

More to the heart of the matter, neither fraud allegation that plaintiff now raises would have affected the court's viability analysis. In a nutshell, the court determined that plaintiff's conspiracy allegations against the Salvation Army defendants weren't viable, Doc. 87 at 17–18, and that judicial immunity, prosecutorial immunity, and qualified immunity shielded the remaining defendants, *id.* at 44. Even assuming—for the sake of argument—that plaintiff had adduced clear and convincing evidence of the fraud he alleges, it wouldn't change the result.

7

That fraud wouldn't have affected the viability of plaintiff's conspiracy allegations or the availability of defendants' immunity. Plaintiff argues that the fraud he alleges undermined the state court's jurisdiction, violated his constitutional rights, and perpetuated an unjust prosecution. Doc. 100 at 11–12. The difficulty for plaintiff is that none of these assertions calls into question this court's previous viability analysis.

In the Rule 60(b)(4) portion of plaintiff's brief, he suggests that the fraud he alleges undermines the availability of prosecutorial immunity. *Id.* at 17. Plaintiff argues that "absolute immunity is not available when the underlying court lacked jurisdiction." *Id.* But there's no support for this argument.[2] To the contrary, prosecutorial immunity is available even where a prosecutor suborns perjury. *Esquibel v. Williamson*, 421 F. App'x 813, 816 (10th Cir. 2010) ("Absolute prosecutorial immunity applies to both claims that a prosecutor willfully used perjurious testimony and claims that a prosecutor willfully suppressed evidence."). In short, the fraud plaintiff alleges didn't interfere substantially with plaintiff's "ability fully and fairly to prepare for" the motion-to-dismiss stage of this action. *Zurich N. Am.*, 426 F.3d at 1290.

Plaintiff thus can't win Rule 60(b)(3) relief. The court takes up his Rule 60(b)(4) argument, next.

### 2. 60(b)(4)

---

[2]     Plaintiff's brief contains this passage: "'Actions taken by a prosecutor in the absence of jurisdiction *are not shielded by absolute immunity*.' *Scott v. Hern*, 216 F.3d 897, 908 (10th Cir. 2000)." Doc. 100 at 17 (emphasis in original). But the court's review of *Scott v. Hern*, 216 F.3d 897 (10th Cir. 2000), failed to reveal this language anywhere in the opinion. Neither a Westlaw query nor a Google search turned up plaintiff's quoted phrase, either. Including inaccurate quotations misleads the court and violates Fed. R. Civ. P. 11. *See Precision Specialty Metals, Inc. v. United States*, 315 F.3d 1346, 1356 (Fed. Cir. 2003) (explaining that "miscitation of relevant precedent" violates Rule 11). The court reminds plaintiff that he—like all litigants—must abide Rule 11. And the court cautions plaintiff that he will face sanctions if he misrepresents legal authority in future filings.

Plaintiff also seeks relief under Rule 60(b)(4). That provision allows a court to set aside a judgment when "the judgment is void[.]" Fed. R. Civ. P. 60(b)(4). Unlike other provisions of Rule 60(b), where "Rule 60(b)(4) is properly invoked, 'relief is not a discretionary matter; it is mandatory[.]'" *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008) (quoting *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994)). "A judgment is void 'only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law.'" *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (quoting *In re Four Seasons Sec. L. Litig.*, 502 F.2d 834, 842 (10th Cir. 1974)).

Plaintiff argues that he deserves Rule 60(b)(4) relief because—as he explains it—the Mission, Kansas "municipal court lacked subject matter jurisdiction because the traffic citations used to initiate the charges . . . failed to include factual allegations as required by Kansas law." Doc. 100 at 16. But this argument says nothing about the jurisdiction of *this court*—the court who rendered Judgment in *this case*. Plaintiff's claim for relief is bootless. Plaintiff brought claims under 18 U.S.C. § 1983. *E.g.*, Doc. 38 at 6 (Am. Compl. ¶ 28) (alleging this action "raises federal questions under the United States Constitution" and § 1983). So, the court had subject matter jurisdiction because plaintiff's allegations invoked it. *See* 28 U.S.C. § 1331 (conferring subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States"). Nothing plaintiff alleges now disturbs this conclusion. The court had jurisdiction. The judgment isn't void. The court thus declines to set aside judgment in this case under Rule 60(b)(4).

### C.  Conclusion – Rule 60(b) Motion for Relief from Judgment

This case doesn't represent "exceptional circumstances" that warrant "extraordinary" Rule 60(b) relief. *Zurich N. Am.*, 426 F.3d at 1289 (quotation cleaned up). The court thus denies plaintiff's Motion for Relief from Judgment (Doc. 100).[3]

The court takes up plaintiff's requests to supplement the Rule 60 record, next.

### IV.  Motion to Supplement (Doc. 105); Motion to Supplement Rule 60(b) Motion (Doc. 118)

Plaintiff has filed a Motion to Supplement the Record (Doc. 105). Plaintiff's motion includes 15 exhibits, totaling 280 pages. Plaintiff then filed another motion, titled "Motion for Leave to Supplement Rule 60(b) Motions." Doc. 118. That filing doesn't contain any exhibits but seeks to advance new arguments based on defendants' response to plaintiff's Rule 60(b) motion. *Id.* at 2. The court denies these motions.

"Our court's local rules limit briefing on motions to the motion (with memorandum in support), a response, and a reply." *Hampton v. Barclays Bank Del.*, 478 F. Supp. 3d 1113, 1142 (D. Kan. 2020) (citing D. Kan. Rule 7.1(a), (c)), *aff'd on other grounds*, No. 20-3175, 2021 WL 3237082 (10th Cir. July 30, 2021). Plaintiff hasn't cited any exception to this general rule. Rule 15, which he invokes, is inapt because it addresses supplementing a pleading—not a motion. *See* Fed. R. Civ. P. 15(d). To the extent plaintiff wanted to respond to the arguments defendants

---

[3] Plaintiff's motion also asks for relief under Rule 60(b)(6). Doc. 100 at 18–21. As explained above, the court declines to consider the portions of plaintiff's motion that exceed our local rule's page limits. For completeness, however, the court notes that it would deny plaintiff's motion even if it considered these over-the-limit pages. Plaintiff's Rule 60(b)(6) position merely rehashes arguments presented under Rule 60(b)(3) and Rule 60(b)(4). *See id.* That won't do. *See Zurich N. Am.*, 426 F.3d at 1293 ("Parties moving for relief under Rule 60(b) cannot simply throw in subsection (6) without any new arguments and expect to obtain a new trial."). Also, relief under this provision "is even more difficult to attain" than under other Rule 60(b) provisions. *Id.* (internal quotation marks and citation omitted). Such relief "is appropriate only when it offends justice to deny such relief." *Id.* (internal quotation marks and citation omitted). Plaintiff's arguments don't satisfy that formidable standard. So, the court would deny his motion even if it considered his arguments in the portion of his brief that exceeds 15 pages.

raised in their response to his Rule 60(b) motions, *see* Doc. 118 at 2, he could have done so in his reply brief. Plaintiff's motion to file more yet exhibits also doesn't contain any citations to the 15 exhibits. *See generally* Doc. 105. So even if the court granted the Motion to Supplement (Doc. 105), it wouldn't move the needle for plaintiff. It isn't "the court's job to comb the record in order to make" plaintiff's "arguments for him." *Lebahn*, 813 F.3d at 1307–08 (internal quotation marks and citation omitted).

The court thus denies plaintiff's Motion to Supplement (Doc. 105) and his Motion to Supplement Rule 60(b) Motion (Doc. 118).

### V.     Motion for Oral Argument (Doc. 106)

Plaintiff also has filed a Motion for Hearing (Doc. 106). It asks the court to conduct oral argument on his Rule 60(b) motion. Doc. 106 at 9. Our local rule, D. Kan. Rule 7.2, gives the court discretion, providing that it "*may* set any motion for oral argument or hearing at the request of a party or on its own initiative." (emphasis added). The court denies plaintiff's Motion for Oral Argument (Doc. 106). The parties' papers adequately argue the issues raised by plaintiff's motion. Oral argument isn't necessary or consistent with Fed. R. Civ. P. 1.

### VI.    Motion for Indicative Ruling (Doc. 111)

Plaintiff has filed a Motion for Indicative Ruling Under Fed. R. Civ. P. 62.1 (Doc. 111). Rule 62.1(a) provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:  (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1. Plaintiff asks the court to "[i]ssue an indicative ruling . . . , stating it would grant [p]laintiff's motion if remanded by the Tenth Circuit" or "[d]eny the motion outright if no basis for relief is found." Doc. 111 at 10. The court grants plaintiff's motion in part and denies

it in part. As explained above, the court concludes that plaintiff isn't entitled to relief from judgment under Rule 60. So, the court denies plaintiff's request to issue an indicative ruling that it would grant plaintiff's Rule 60(b) motion. But the court grants plaintiff's request to deny the motion outright. Doc. 111 at 10.

**VII.      Motion to Compel (Doc. 112)**

The court next denies plaintiff's Motion to Compel (Doc. 112). Plaintiff's motion asks the court to order defendants to respond to plaintiff's fraud allegations in his Rule 60(b) motion. Doc. 112 at 9. The court isn't convinced it has the power to order the relief plaintiff seeks. Plaintiff identifies three bases for his request, but none authorizes the court to afford the remedy plaintiff seeks.

*First*, plaintiff cites Fed. R. Civ. P. 8. *Id.* at 3. But that rule governs *pleadings*. *See* Fed. R. Civ. P. 8 ("General Rules of Pleading"). The specific section plaintiff cites mandates that parties responding to a pleading must "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). But the filing to which plaintiff demands a response isn't a pleading. *See* Fed. R. Civ. P. 7 (listing pleadings allowed—none of which is a motion). So Rule 8 doesn't apply and thus doesn't compel defendants to respond to plaintiff's Rule 60 allegations.

*Second*, plaintiff cites Fed. R. Civ. P. 37. Doc. 112 at 3–4. That rule allows courts to impose sanctions for discovery violations. *See generally* Fed. R. Civ. P. 37. Plaintiff's case never made it to discovery because plaintiff's claims weren't viable as a matter of law. *See* Doc. 87; Doc. 88 (Judgment). Rule 37 thus doesn't permit the court to compel defendants to respond to plaintiffs' fraud accusations either.

*Third*, plaintiff argues that the court can sanction parties for engaging in misconduct or acting in bad faith. Doc. 112 at 4. On this record, the court can't conclude that defendants

engaged in misconduct. And even if it could, plaintiff hasn't cited any authority suggesting that the court can compel—as a sanction—a response to his Rule 60(b) motion.[4]

The court concludes it has no power to order the relief that plaintiff seeks on this motion. The court thus denies plaintiff's Motion to Compel (Doc. 112).

**VIII.      Renewed Motion to Recuse (Doc. 115)**

Plaintiff previously filed a Motion for Recusal (Doc. 108), which the court denied. Doc. 114. Plaintiff now has filed a Renewed Motion to Recuse (Doc. 115). The court denies this motion, too.

D. Kan. Rule 7.3 limits motions to reconsider. "A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3. Plaintiff's motion largely rehashes arguments that he already made and that the court already rejected. *See generally* Doc. 114; Doc. 115. These arguments fail to satisfy the recusal standard, as the court already has explained. And even if plaintiff is right that the court misapplied the governing law, plaintiff hasn't convinced the court that it committed "clear error" or that it's ruling perpetrates "manifest injustice." D. Kan. Rule 7.3.

The court briefly addresses two points here it didn't reference in its initial recusal order. *First*, it's true that the court stayed defendants' responses to the flurry of motions that plaintiff has filed since he submitted his appeal to the Tenth Circuit. *See* Doc. 113. The court did so

---

[4] The court couldn't locate one of the cases plaintiff cites—"Gonzales v. City of Albuquerque, 188 F.3d 1129 (10th Cir. 1999)." Doc. 112 at 4. The court located a case with the same title but with a different citation—*Gonzales v. City of Albuquerque*, 701 F.3d 1267 (10th Cir. 2012). But that case says nothing about the court's inherent authority to sanction party misconduct. *See generally id.* The court once again reminds plaintiff that his signature on filings certifies that the "legal contentions are warranted[.]" Fed. R. Civ. P. 11(b)(2). Plaintiff will face sanctions if he continues to file papers with fanciful case citations. *See above*, note 2.

under its inherent authority to control its own docket. *Id.* To the extent plaintiff takes issue with that ruling, it's not one that merits recusal. *See United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (explaining that judicial actions "motivated by events originating within the context of judicial proceedings" ordinarily "are insulated from charges of bias").

*Second*, the court is unimpressed by the overall tone of plaintiff's filing. Plaintiff's motion accuses the court of acting in "bad faith" and suggests that a political agenda motivates the court's decisions. Doc. 115 at 7, 9. Our Circuit has emphasized that "all litigants must demonstrate a level of civility in pleadings and proceedings that displays a basic understanding of and respect for the courts and the rule of law in this nation." *Kyler v. Everson*, 442 F.3d 1251, 1254 (10th Cir. 2006); *see also Farmer v. Banco Popular N. Am.*, 791 F.3d 1246, 1260 (10th Cir. 2015) (explaining that "'litigants and counsel who appear before a federal court[] are subject to duties of candor, decorum, and respect for the tribunal and co-parties alike'" (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 722 (2013) (Kennedy, J., dissenting))). The court cautions plaintiff it won't tolerate this sort of conduct, and plaintiff may face sanctions if he so continues. *See Kyler*, 442 F.3d at 1253–54 (granting motion for sanctions).

To summarize, the court denies plaintiff's Renewed Motion to Recuse (Doc. 115). As the court previously has explained, "a reasonable, objective person, knowing all the relevant facts" wouldn't "question the judge's impartiality." *Nickl*, 427 F.3d at 1298. So, the court must decline plaintiff's recusal request. *See United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (explaining that a judge owes "a strong duty to sit" when a reasonable person wouldn't question judge's impartiality).

IX.     **Motion to Vacate Stay Order (Doc. 116)**

Plaintiff next asks the court to vacate its order staying defendants' deadline to plaintiff's flurry of post-Judgment motions. Doc. 116. The court declines.

District "courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (explaining "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). In its discretion, the court believed—and still believes—that staying defendants' response deadlines to plaintiff's many motions promotes the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. This case is on appeal to the Tenth Circuit. *See* Doc. 95 (Notice of Appeal). There, defendants are litigating the merits of plaintiff's claims. Because the court has limited jurisdiction over this action and because plaintiff's many motions border on frivolous and vexatious, the court—in the interest of the parties' "economy of time and effort," *Landis*, 299 U.S. at 254—elects to continue to stay response deadlines to plaintiff's motions until the Tenth Circuit remands the case. In short, the court denies plaintiff's Motion to Vacate Stay Order (Doc. 116).

The court addresses plaintiff' Motion for Partial Summary Judgment (Doc. 117), next.

## X.     Motion for Partial Summary Judgment (Doc. 117)

Plaintiff's Motion for Partial Summary Judgment (Doc. 117) asks the court to grant plaintiff partial summary judgment on his fraud allegations. *See* Doc. 117 at 9. In essence, though, the motion asks for a favorable ruling on plaintiff's Motion for Relief from Judgment (Doc. 100). The court denies this motion.

As an initial matter, the court already has concluded that plaintiff isn't entitled to relief on his Rule 60(b) motion. *See above* § III. So, insofar as his summary judgment motion asks the court to grant him relief from judgment, the court declines.

15

What's more, summary judgment is a procedural vehicle for adjudicating claims and defenses. Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."). Plaintiff's request for relief from judgment isn't a "claim" for purposes of Rule 56. *Valentine v. N.M. Corr. Dep't*, No. CIV 11-123 GBW/WPL, 2012 WL 13081286, at *1 (D.N.M. May 9, 2012) (explaining that "contentions" "are not 'claims' within the meaning of Rule 56"). Also, summary judgment "is available only [on] claims which have been made and are pending." *Cordova v. City of Albuquerque*, Civ. No. 11-806 BGW/ACT, 2013 WL 12045199, at *2 (D.N.M. June 26, 2013). The court already entered Judgment against all claims plaintiff has asserted in this action. Doc. 87; Doc. 88 (Judgment). Plaintiff thus has no pending claims for which he may seek summary judgment. The court denies his motion.

Assuming for the sake of argument that plaintiff still had pending claims in this case, the court would lack jurisdiction to grant judgment on them. As discussed above, because plaintiff filed a Notice of Appeal, Doc. 95, the court retains jurisdiction only over those aspects of the case not involved in the appeal, *see Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."). Plaintiff's Notice of Appeal asks the Tenth Circuit to review the court's Memorandum and Order (Doc. 87), which found that all claims plaintiff asserts in this case fail as a matter of law. *See* Doc. 95. The court thus lacks jurisdiction to consider or grant judgment on any claims in this case unless the Circuit remands the case. So even assuming that plaintiff still had pending claims, the court can't enter judgment on them.

In sum, the court denies plaintiff's Motion for Partial Summary Judgment (Doc. 117). The court now turns to plaintiff's two Motions for Sanctions.

**XI.     Motion for Sanctions (Doc. 107, 119)**

Finally, plaintiff filed two motions that ask the court to impose sanctions on defendants' counsel for violating Fed. R. Civ. P. 11. Doc. 107; Doc. 119. The court denies both motions.

Whether to impose Rule 11 sanctions is committed to the court's discretion. *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019). "Rule 11 imposes an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." *Id.* at 1320 (quotation cleaned up). The court assesses attorney conduct "under a standard of objective reasonableness—whether a reasonable attorney admitted to practice before the district court would file such a document." *Id.* (internal quotation marks and citation omitted). "Because our adversary system expects lawyers to zealously represent their clients, the Rule 11 standard is a tough one to satisfy; an attorney can be rather aggressive and still be reasonable." *Id.* (quotation cleaned up).

Here, the court can't conclude that defendants' lawyers acted in an objectively unreasonable manner. Plaintiff asserts that those lawyers characterized his allegations as "broad" and "unsubstantiated" and that they didn't respond to elements of his Rule 60(b) motion. Doc. 107 at 4. Plaintiff might not like these tactics, but those litigation choices aren't objectively unreasonable. What's more, "broad" and "unsubstantiated" are descriptors regularly employed—not only by litigators—but by the court itself. *See, e.g.*, *Young v. Physician Off. Partners, Inc.*, No. 18-cv-2481-KHV-TJJ, 2019 WL 4256365, at *3 (D. Kan. Sept. 9, 2019) (describing defendant's estimate as "broad" and "unsubstantiated"); *Taylor v. AAON, Inc.*, No. 23-CV-0353-CVE-JFJ, 2023 WL 6847572, at *4 (N.D. Okla. Oct. 17, 2023) (describing plaintiff's claim as "broad and unsubstantiated"). So, the court concludes that defense lawyers

17

didn't violate Rule 11. The court thus denies plaintiff's two Motions for Sanctions. Doc. 107; Doc. 119.

## XII. Conclusion

Plaintiff largely is not entitled to the relief he seeks. This Order denies many of plaintiff's motions but grants in part his request for an indicative ruling. The court also reminds plaintiff again that his future filings must abide our court's local rules and the Federal Rules of Civil Procedure. Plaintiff will face sanctions—possibly including monetary sanctions—should he continue to file papers that violate rules that bind all litigants.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Christopher VanHorn's Motion for Relief from Judgment Pursuant to Rule 60(b) (Doc. 100) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff Christopher VanHorn's Motion to Exceed Page Limitations (Doc. 103) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff Christopher VanHorn's Motion to Supplement (Doc. 105) and Motion to Supplement Rule 60(b) Motion (Doc. 118) are denied.

**IT IS FURTHER ORDERED THAT** plaintiff Christopher VanHorn's Motion for Hearing (Doc. 106) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff Christopher VanHorn's Motion for Indicative Ruling (Doc. 111) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** plaintiff Christopher VanHorn's Motion to Compel (Doc. 112) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff Christopher VanHorn's Renewed Motion to Recuse (Doc. 115) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff Christopher VanHorn's Motion to Vacate Stay Order (Doc. 116) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff Christopher VanHorn's Motion for Partial Summary Judgment (Doc. 117) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff Christopher VanHorn's Motions for Sanctions (Doc. 107 and Doc. 119) are denied.

**IT IS SO ORDERED.**

**Dated this 1st day of July 2025, at Kansas City, Kansas.**

                                      **s/ Daniel D. Crabtree**
                                      **Daniel D. Crabtree**
                                      **United States District Judge**